Robert E. Dolan and Nan Martin Dolan v. Commissioner.
Dolan v. Commissioner
Docket No. 73479.
United States Tax Court
T.C. Memo 1961-165; 1961 Tax Ct. Memo LEXIS 185; 20 T.C.M. (CCH) 822; T.C.M. (RIA) 61165; June 7, 1961
David Grossberg, Esq., 11 E. 44th St., New York, N. Y., for the petitioners. Norman L. Rapkin, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in petitioners' income tax for 1953 of $2,963.74 and for 1954 of $3,000.32. The sole issue is whether petitioners are entitled to deduct the amounts of $5,199.96 for 1953 and $5,200 for 1954 paid by petitioner Robert E. Dolan to his former wife pursuant to a property settlement agreement and final judgment of divorce and claimed as alimony payments under the provisions of Sections 22(k) and 23(u) of the Internal Revenue Code of 1939 and Sections 71 and 215 of the Internal Revenue Code of 1954. All other adjustments raised by the respondent in his notice of deficiency *186 have been conceded by the petitioners. Findings of Fact Some of the facts have been stipulated and are hereby incorporated by this reference. Petitioners are husband and wife and filed their joint income tax returns for the taxable years 1953 and 1954 with the Director of Internal Revenue, Upper Manhattan District, New York. Robert E. Dolan (hereinafter referred to as petitioner) was formerly married to Vilma Ebsen Dolan on June 24, 1933. One child, Robert Emmett Dolan, Jr. (hereinafter referred to as Robert), was born of this marriage on April 25, 1939. An interlocutory decree of divorce was granted Vilma Ebsen Dolan (hereinafter referred to as Vilma) on December 5, 1946, in an action brought against petitioner in the Superior Court of California in the County of Los Angeles. On January 2, 1948, petitioner and Vilma entered into a Property Settlement Agreement, indicating therein that it was their desire "to adjust their property interests out of court, to provide for the permanent custody of the child, and to provide for the maintenance of the wife and child * * *." This Property Settlement Agreement contained the following pertinent provisions: ARTICLE III Life *187 Insurance Policies Husband shall maintain unencumbered the $10,000 20-payment Life Assurance Policy No. 11,653,372, on his life, register date April 6, 1943, Equitable Life Assurance Society, paying the premiums of $409.40 thereon due on April 6, of each year, the exclusive beneficiaries under said policy to be the wife until she remarries or dies, and thereafter Robert Emmett Dolan Jr. until he attains the age of 25 years, or dies, after which time husband shall be free to designate any beneficiary he may desire. Husband, as long as he is employed by Paramount Pictures Inc. shall maintain the group insurance policy in Travelers Insurance Company, Hartford, Conn., paying the premiums thereon, the exclusive beneficiaries under said policy to be the wife until she remarries or dies, and thereafter Robert Emmett Dolan Jr., until he attains the age of 25 years or dies, after which time husband shall be free to designate any beneficiary he may desire. * * *
ARTICLE V Support for Wife The husband, during his lifetime, shall pay to the wife for her support and for the support, maintenance and education of Robert Emmett Dolan, Jr., the sum of $200 on the first day of each and *188 every week commencing on the first Monday following the date of this agreement, or a total of $10,400 per year. This sum shall not be reduced for the period of two years from and after the date of this agreement except by the sum of $100 per week upon the happening of each of the following contingencies: (a) The death of the wife; (b) The death of said Robert Emmett Dolan, Jr. At the end of such two years' period, the said sum of $200 per week shall be reduced by the sum of $100 per week upon the happening of each of the following contingencies: (a) The death or remarriage of the wife; (b) The death or attainment of the age of 25 years of said Robert Emmett Dolan, Jr. In addition to the sums payable hereunder to the wife, the husband shall pay the cost of school, college, or university tuition, musical lessons and medical expenses incurred on behalf of the said child, Robert Emmett Dolan, Jr., until he shall attain the age of 25 years, and, if by January 2, 1950, the wife shall not have remarried, husband shall pay her $2000 in a single cash payment. ARTICLE VI Custody and Guardianship of Child The wife shall have and is hereby granted the custody of said child Robert *189 Emmett Dolan, Jr., and is hereby appointed the guardian of his person throughout his minority, subject to the right of the husband to see or visit said child at all reasonable times and subject further to the right of the husband to have the child visit him on vacation or at other times, provided such visits do not interfere with the health or the schooling of the child; * * *. * * *
ARTICLE VIII Provisions in Case of Death of Husband The husband agrees that in case of his death, property he shall then own shall descend to the wife and child as follows: One-quarter to the wife and one-quarter to Robert Emmett Dolan Jr. or to his heirs; but if at the time of the death of the husband, the wife has died or remarried, her one-quarter share shall lapse; * * *. ARTICLE IX Mutual and General Provisions * * * 3. The wife does and shall accept the provisions herein made for her in full satisfaction of her right to the community property of the respective parties hereto, and in full satisfaction of her right to support and maintenance, and for the support and maintenance of Robert E. Dolan Jr. as herein provided. * * *
9. This agreement may be amended or modified *190 by the husband and wife at any time and in the event of such amendment or modification, this agreement shall not be construed or interpreted in such a way as to make the child, Robert Emmett Dolan Jr., third party beneficiary thereof, nor, in the event of such amendment or modification, shall said child be deemed to have a vested right or interest by virtue of the terms of this agreement. 10. In the event of divorce proceedings, hereinabove referred to, being prosecuted to a final decree, the decree so rendered shall, on request of either of the parties hereto, incorporate the terms of this Agreement and whether or not such terms are so incorporated, it is agreed that this agreement shall survive such decree. * * *
Vilma was granted a final judgment of divorce by the California Superior Court on March 10, 1948. The following was made a part of this final judgment: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement agreement executed by and between the parties on the 2nd day of January, 1948, is hereby approved and made a part of this decree. In addition to this general incorporation by reference, the final judgment of divorce copied substantially *191 verbatim the provisions contained in Article V of the Property Settlement Agreement which set up the system of periodic support payments for Vilma and for Robert, who was put in Vilma's custody. Vilma remarried a man named Briggs later in 1948 and was subsequently divorced from Briggs in 1950 or 1951. She remained single during the tax years in question, 1953 and 1954, and resided in Pacific Palisades, California. The petitioner also remarried subsequent to the aforementioned final judgment of divorce and prior to January 1, 1953. He married Nan Martin (now Dolan) and remained married during the period pertinent hereto. During the years 1953 and 1954 the petitioner made payments to Vilma equal to $100 per week, having reduced the payments from $200 to $100 in 1948 pursuant to the Property Settlement Agreement and final judgment of divorce upon Vilma's remarriage. These payments aggregated $5,199.96 in 1953, and petitioner deducted this total as alimony on his 1953 joint income tax return. No evidence was presented as to Vilma's tax treatment of these receipts. During the year 1954 petitioner paid Vilma $5,633.29 and deducted this amount as alimony on his 1954 joint income tax *192 return. Of this amount, $5,200 is now in dispute. On her 1954 individual income tax return, Vilma declared $5,200 as alimony income received from petitioner. The $5,200 from petitioner constituted substantially all of Vilma's income in 1954. The respondent has disallowed any alimony deduction to the petitioner for the taxable years 1953 and 1954. Robert, petitioner's son, attended Phillips Exeter Academy in Massachusetts during 1953 and 1954. In addition to the heretofore mentioned periodic payments to Vilma, petitioner spent $3,410.55 in 1953 and $2,911.36 in 1954 for his son's tuition, room and board, transportation, allowance, and miscellaneous expenses associated with his schooling. These amounts provided by petitioner constituted substantially all of Robert's support during 1953 and 1954. Petitioner's son continued to live with Vilma during the summer vacation months, except for brief visits with petitioner, and in 1954 Vilma still declared Robert as her dependent (exemption) on her 1954 individual income tax return. During 1960 Robert lived with Vilma and attended U.C.L.A.
Petitioner no longer pays his son's tuition since petitioner's income has decreased since 1953 and *193 1954 and Vilma's income has substantially increased. Vilma is presently running a successful dance studio with about 450 pupils. Opinion RAUM, Judge: Petitioner seeks deduction of certain amounts paid to his former wife in 1953 and 1954 as "alimony" under Sections 23(u)[1] and 215(a)[2] of the 1939 and 1954 Codes, respectively. The right to such deduction depends in turn upon whether such payments constituted alimony or like periodic payments taxable to the former wife under Sections 22(k)[3] and 71(a)[4] of the corresponding Codes. *194 We have withheld decision in this case pending the Supreme Court's disposition of Commissioner v. Lester, 366 U.S. 299, which has just recently been decided. We think that Lester is controlling here. It holds that a decree or written instrument does not "fix" an amount payable for the support of minor children, as provided in the statute, unless such amount is "specifically designated" for child support. The Court stated (slip opinion, pp. 4-5): The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. In the instant case, neither the property settlement agreement nor the final judgment of divorce specifically fixed a designated portion of the periodic *195 payments as support for the child. True, there is cogent evidence from which it could be concluded that $100 of the weekly payment was intended as support for the child; but Lester holds that this is not enough. Absent a specific designation of an amount or portion of a payment as being for child support, the total amount is taxable to the wife and deductible by the husband. Respondent has made an alternative argument that the contested amounts "were not paid to the petitioner's former wife in discharge of a legal obligation arising out of a 'marital relationship' and imposed upon the petitioner under a decree or written instrument incident to a divorce * * *." We find no merit in this point. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1939: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * * 2. Internal Revenue Code of 1954: SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * * 3. Internal Revenue Code of 1939: SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * * ↩
4. Internal Revenue Code of 1954: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩